UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

CRYSTAL GOOD, as parent and next friend
of minor children M.T.S., N.T.K. and A.M.S.,
MELISSA JOHNSON and LINDSAY HUFFMAN and
ALADDIN RESTAURANT, INC.,
GEORGIA HAMRA and JOHN SARVER,
d/b/a MOUSIE'S CAR WASH, and
NITRO CAR CARE CENTER, LLC., and
CAROLYN BURDETTE and
COLOURS SALON AND BOUTIQUE, LLC,
on behalf of themselves and
all others similarly situated,

        Plaintiffs

v.                              Civil Action No. 2:14-01374

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC., and
CHEMSTREAM, INC., and
EASTMAN CHEMICAL COMPANY, and
J. CLIFFORD FORREST and
FREEDOM INDUSTRIES, LLC, and
WEST VIRGINIA AMERICAN WATER COMPANY, and
MOUNTAINEER FUNDING, LLC, and
WV FUNDING, LLC,


ROGER STRICKLAND and ANGEL STRICKLAND and
NEWTECH SYSTEMS, INC., and RACHEL BLAKENSHIP and
MICHAEL BRYANT and CHRISTIAN BRYANT and
JOHN MICHAEL BRYANT and HELEN CHRIST and
TIANA ALLEN and CHRISTOPHER ALLEN and
JOCELYN ALLEN and GARIETH ALLEN and SABRA ALLEN,
Minors, By and Through Their Parents and Next
Friends, TIANA ALLEN and CHRISTOPHER ALLEN and
ANDREA LUPSON and JON LUPSON and
Individually, and on behalf of all others
similarly situated,

        Plaintiffs

v.                              CIVIL ACTION NO. 2:14-11009

FREEDOM INDUSTRIES, INC., and
AMERICAN WATER WORKS COMPANY, INC.,
d/b/a/ WEST VIRGINIA AMERICAN WATER COMPANY, and
EASTMAN CHEMICAL COMPANY and
CORPORATE JOHN DOES 1-6, and
INDIVIDUAL JOHN DOES 7-10,

       Defendants


LORI GOOD and JESSICA GOOD and
KATHLEEN HARDIN an individual and
as next friend for her minor child,
EMILYNN HARDIN and BRITTANY WILLIAMS,
an individual and as next friend for her
minor children, FRANK WALKER and JULIAN WALKER and
BRANDI SMITH, an individual and as next friend for her minor
children BRADLEY DINGESS and TERRY SMITH and
HANNAH SMITH and MICA GREEN an individual and as
next friend for her minor children COLE GREEN and
CHLOEY SWINEY and CAITLAN WILSON an individual
and as next friend for her minor child LILY WILSON and
JACKLYNN BAISDEN an individual and as next friend for her
minor child BRAYLYNN RICHMOND and
TASHA INGRAM an individual and as next friend for her minor
children HANNAH INGRAM and HAYLIE INGRAM and
HUNTER INGRAM and KATELYNN MAYBERRY and
JEREMY VAUGHN and ALEXANDRA SZUHANY and
JOYCE MIDKIFF and JOY GUNNOE WOODRUM and
BRENDA BAISDEN and BRENDA BAISDEN and
R.C. GUNNOE FARMS, LLC, and TASHA INGRAM,
as next friend for her yet to be named
child <u>in utero</u>, ROE 1 and STATE OF WEST VIRGINIA

       Plaintiffs,

v.                     Civil Action No. 2:14-11011

ETOWAH RIVER TERMINAL, LLC and
CHEMSTREAM HOLDINGS, INC. and
GARY SOUTHERN and J. CLIFFORD FORREST and
EASTMAN CHEMICAL COMPANY and
THE DOW CHEMICAL COMPANY and
WEST VIRGINIA-AMERICAN WATER COMPANY and

AMERICAN WATER WORKS COMPANY, INC., and
AMERICAN WATER WORKS SERVICE COMPANY, INC., and
DOES ONE THROUGH 60, inclusive,

        Defendants.


SUMMER JOHNSON and ROBERT JOHNSON,
individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.                    CIVIL ACTION NO.: 2:14-13164

WEST VIRGINIA-AMERICAN WATER COMPANY and
AMERICAN WATER WORKS COMPANY, INC. and
AMERICAN WATER WORKS SERVICE COMPANY, INC. and
EASTMAN CHEMICAL COMPANY,

        Defendants.


MADDIE P. FIELDS,
individually and on behalf of
a class of persons similarly situated,

        Plaintiffs,

v.                    CIVIL ACTION NO.: 2:14-13454

WEST VIRGINIA-AMERICAN WATER COMPANY and
AMERICAN WATER WORKS COMPANY, INC. and
AMERICAN WATER WORKS SERVICE COMPANY, INC. and
EASTMAN CHEMICAL COMPANY,

        Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


        Pending in civil action 2:14-1374 ("<u>Crystal Good</u>") is
plaintiffs' joint motion to consolidate related cases and to
appoint interim lead counsel, filed March 28, 2014.  Pending in

3

civil action 2:14-11011 ("Lori Good") is plaintiffs' joint motion to consolidate related cases and to appoint interim lead counsel, filed March 31, 2014.  Pending in civil action 2:14-13164 ("Johnson") is plaintiffs' joint motion to consolidate related cases and to appoint interim lead counsel, filed March 31, 2014.  No motions pend in civil action 2:14-13454 ("Fields").

Pending in civil action 2:14-11009 ("Strickland") are plaintiffs' motion to remand, filed March 26, 2014, and a motion filed by plaintiffs on May 12, 2014, that seeks to defer action on the joint motions above to consolidate related cases and appoint interim lead counsel -- until the court rules on all outstanding remand motions ("motion to continue").[1]

The joint motions to consolidate related cases and to appoint interim lead counsel are materially identical.

---

[1] The plaintiffs in Strickland assert that the court should first rule on the pending remand motion in that case prior to selecting interim lead counsel.  The motion to continue, which spans a single page, does not articulate grounds of sufficient strength to justify the delay requested.  The court ORDERS that the motion to continue be, and hereby is, denied.

I.

Freedom Industries, Inc. ("Freedom"), is a West Virginia corporation engaged primarily in the production of specialty chemicals for the mining, steel, and cement industries.  It is also a leading supplier of freeze conditioning agents, dust control palliatives, flotation reagents, water treatment polymers, and other specialty chemicals.  Freedom operates two production facilities in West Virginia, namely, in Nitro ("Nitro Facility") and Charleston ("Charleston Facility").

On January 9, 2014, a leak occurred in one of Freedom's storage tanks located at the Charleston Facility.  On January 17, 2014 ("Petition Date"), Freedom petitioned in this district for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101.

As a result of the leak, the Crystal Good, Johnson, and Fields cases were filed here respectively on January 13, March 25, and March 28, 2014 (jointly herein as "the original jurisdiction cases").  The Lori Good and Strickland cases were removed from the Circuit Court of Kanawha County on February 24, 2014 (jointly herein as "the removal jurisdiction cases").  These five cases are all pled as class actions.

Subject matter jurisdiction in the Crystal Good action is based upon the presence of certain federal questions and the Class Action Fairness Act ("CAFA"). The Johnson and Fields cases appear to rely exclusively on CAFA grounds for subject matter jurisdiction. The Lori Good and Strickland cases were removed based upon CAFA and related-to jurisdiction under 28 U.S.C. § 1334(b).

In addition to these five putative class actions, on February 21 and 22, 2014, Freedom removed to the bankruptcy court certain other state actions in which it was named a defendant. On February 24, 2014, West Virginia American Water Company ("WVAWC") did likewise in certain state actions in which it was named but Freedom was not. These two removals resulted in 57 cases ("related-to jurisdiction cases") being referred to the bankruptcy court.

On April 16, 2014, the court withdrew the references of the related-to jurisdiction cases. On April 18, 2014, the court consolidated the related-to jurisdiction cases for purposes of briefing and resolving the motions to remand that pend therein. The case of Desimone Hospitality Services v. West Virginia American Water Company, civil action 2:14-14845, was designated as the lead case. Counsel in the related-to jurisdiction cases were directed to designate by agreement no

more than three of their number from each the plaintiff and the
defendant sides to serve as liaison counsel for purposes of
consultations designed to lead to a proposed stipulated briefing
schedule producing a single set of omnibus briefs addressing all
of the arguments for remand found in the individual pending
remand motions.

      The factual allegations in all of the cases arise from
the alleged leak.  According to Freedom, the related-to
jurisdiction cases harbor claims that consist of one or more of
four categories as follows: (a) physical personal injury tort
claims, such as bodily injury, emotional distress and/or
requests for medical monitoring to detect bodily injury in the
future; (b) non-physical personal injury tort claims, such as
annoyance, loss of enjoyment, nuisance and inconvenience; (c)
property-related claims, such as trespass, property damage, and
loss of use of property; and (d) financial claims, such as lost
income or loss-of-business claims.  The plaintiffs in the
related-to jurisdiction cases have not disputed that
characterization.[2]

---

    [2] The court notes the April 29, 2014, filing of a statement
by counsel for the plaintiff in a related-to jurisdiction
putative class action styled Brogan vs. West Virginia Water
Company, civil action 2:14-14890.  The Brogan matter was
initiated to recover the sewage fees paid by WVAWC customers as
a result of the flushing process designed to restore clean water
to affected customers.  While counsel for Mr. Brogan asserts his

Following a review of the class action complaint in the <u>Lori Good</u> matter, the class action amended complaint in the <u>Strickland</u> matter, the first amended class action complaint in the <u>Crystal Good</u> case, the second amended complaint in the <u>Johnson</u> matter, and the complaint in the <u>Fields</u> matter, the original jurisdiction and removal jurisdiction cases may be said to generally fall into one or more of the same four categories set out above.

II.

A.   Consolidation

Federal Rule of Civil Procedure 42(a) provides as follows:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

---

action "stands apart" from the remaining 56 related-to jurisdiction cases, he seeks on behalf of his putative class "compensatory and punitive damages, including without limitation reimbursement for each member of the class for sewage and/or sanitary bills, other economic loss, and punitive damages in an amount to be determined . . . ."  (Compl. WHEREFORE Cl. at 12). This claim for relief is not so distinct as to justify limited deconsolidation and severance of the case from the remaining related-to jurisdiction cases, nor is that relief sought.

> (3) issue any other orders to avoid
> unnecessary cost or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals affords broad discretion to district courts in assessing the desirability of consolidation, recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation.  See <u>A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.</u>, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.").  It has, however, provided guidelines for exercising that discretion.  See <u>Arnold v. Eastern Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982).  Those guidelines essentially balance the specific risks of prejudice and possible confusion with the potential for inconsistent adjudications of common factual and legal issues and the burden on available judicial resources posed by multiple lawsuits.  <u>Id.</u> at 193. Efficiency from a time and cost perspective are also considered. <u>Id.</u>

The risk of inconsistent adjudications, substantial expense to the parties, and inefficient use of court resources markedly increases here if the court declines consolidation at least to some extent.  Respecting the <u>Strickland</u> matter, the

9

grounds for subject matter jurisdiction bear a similarity to those alleged in the related-to jurisdiction cases.  It is thus sensible to add the <u>Strickland</u> matter to that existing consolidation for purposes of adjudicating the consolidated motion for remand.  The <u>Strickland</u> case is added as a member action thereto and will proceed according to the coordinated and consolidated briefing order entered therein.  To the extent that the <u>Strickland</u> briefing covers matters in addition to the coordinated and consolidated briefing, the court will address those arguments in due course.

All further filings in the <u>Strickland</u> matter will be made in the <u>Desimone Hospitality Services</u> matter pending the further order of the court.  It is ORDERED that the <u>Strickland</u> case be, and hereby is, otherwise stayed pending the further order of the court.

Respecting the <u>Crystal Good</u>, <u>Lori Good</u>, <u>Johnson</u>, and <u>Fields</u> cases, the court has reviewed the operative pleadings. The claims asserted are not identical.  There is, however, overlap to some extent, with both negligence and strict liability claims being alleged in all four actions.  Punitive damages are also sought in each case.  Further, the common trunk from which all branches of the alleged claims spring is the leak and the consequences flowing therefrom.

Under these circumstances, consolidation of these four actions is appropriate.  It is, accordingly, ORDERED that the Crystal Good, Lori Good, Johnson, and Fields cases be, and hereby are, consolidated for all case events up to and including the conclusion of discovery, at which time the court will consider further efforts to coordinate and streamline the litigation.  It is further ORDERED that the joint motion to consolidate be, and it hereby is, granted to the extent stated above and otherwise denied.  It is additionally ORDERED that the Crystal Good matter be, and hereby is, designated as the lead case, with all further filings to be captioned and docketed in that case pending the further order of the court and with counsel directed to consult and file therein no later than June 20, 2014, a consolidated class action complaint, to which the defendants will respond on or before July 20, 2014.

B.   Appointment of Interim Class Counsel

Federal Rule of Civil Procedure 23(g) covers the matter of appointing class counsel.  The Rule explicitly addresses an interim appointment: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  The interim appointment may produce

significant benefits in terms of coordinating the litigation in the pre-certification context.

Rule 23(g) provides pertinently as follows concerning the standards governing the appointment of class counsel generally:

(1) Appointing Class Counsel. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

(A) must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class;

(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

        (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

        (E) may make further orders in connection with the appointment.

        (2) Standard for Appointing Class Counsel. When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

        . . . .

        (4) Duty of Class Counsel. Class counsel must fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(g).

        The Advisory Committee notes provide that interim class counsel may be appointed "if necessary to protect the interests of the putative class," and may be appropriate in cases of "rivalry or uncertainty." Id. Any attorney acting on behalf of the class "must act in the best interests of the class as a whole." Id.; Charles A. Wright et al., Federal Practice & Procedure § 1802.3 (3d. elec. 2014).

        The court has studied the requested appointment and the respective qualifications of the lawyers proposed to serve in the interim capacity. As noted, the motion pends in the Crystal Good, Lori Good, and Johnson matters. The movant

lawyers seek appointment of Kevin Thompson, Stuart Calwell, and
Van Bunch as interim class counsel.  The movants in those three
actions, and the <u>Fields</u> case, are as follows:

| | |
|---|---|
| <u>Crystal Good</u> | Kevin Thompson -- Charleston, West Virginia<br>David R. Barney, Jr. -- Charleston, West Virginia<br>Van Bunch -- Phoenix, Arizona<br>Sean Cassidy -- New Orleans, Louisiana<br>Michael Stag -- New Orleans, Louisiana<br>Stephen H. Wussow -- New Orleans, Louisiana<br>Stuart H. Smith -- New Orleans, Louisiana<br>P. Rodney Jackson – Charleston, West Virginia |
| <u>Lori Good</u> | John Patrick L. Stephens -- Huntington, West Virginia<br>Mark F. Underwood -- Huntington, West Virginia<br>M. Timothy Koontz -- Williamson, West Virginia |
| <u>Johnson</u> | Stuart Calwell -- Charleston, West Virginia<br>Alexander D. McLaughlin -- Charleston, West Virginia<br>D. Christopher Hedges -- Charleston, West Virginia |
| <u>Fields</u> | Michael J. Del Giudice -- Charleston, West Virginia<br>Timothy J. LaFon -- Charleston, West Virginia |

        Despite the fact that the motion pends only in the
<u>Crystal Good</u>, <u>Lori Good</u>, and <u>Johnson</u> matters, the movants list
<u>Crystal Good</u>, <u>Lori Good</u>, <u>Johnson</u>, <u>Fields</u>, <u>Strickland</u>, and,
additionally, a <u>pro</u> <u>se</u> matter, the <u>Thompson</u> case, and state that
"[t]his motion is brought jointly by counsel in the above-listed
matters, <u>except</u>" Strickland and Thompson.  (Mot. at 2 (emphasis
in original).  Movants request the following appointment
authority:

        (a) To make all work assignments on behalf of
        Plaintiffs in such a manner as to promote the orderly
        and efficient conduct of this litigation and to avoid
        unnecessary duplication and expense;

(b) To supervise and monitor the activities of Plaintiffs' counsel and to implement procedures to ensure that unnecessary expenditures are avoided;

(c) To determine and present in pleadings (including any consolidated amended complaint considered appropriate by the Court), motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the Plaintiffs as to all matters arising during all pretrial and trial proceedings;

(d) To conduct or coordinate discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure;

(e) To enter into stipulations with opposing counsel for the conduct of the litigation;

(f) To sign all papers filed or submitted on behalf of Plaintiffs;

(g) To conduct all pre-trial, trial and post-trial proceedings on behalf of Plaintiffs, including the preparation and presentation of any request for class certification in this matter;

(h) To employ and consult with experts;

(i) To call and chair regular meetings of Plaintiffs' counsel;

(j) To conduct settlement negotiations with Defendants on behalf of Plaintiffs and to add such additional counsel as Plaintiffs' Interim Lead Class Counsel may select and organize;

(k) To otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Plaintiffs' Interim Lead Class Counsel deem necessary or as authorized by further order of the Court;

(1) To recommend apportionment and allocation of fees and expenses subject to Court approval; and

>      (m) To have authority over all other matters
>      concerning the prosecution or resolution of the above-
>      referenced actions.

(Memo. in Supp. at 6).  The court has reviewed the proposed

lawyers' qualifications to serve in the role requested.  Mr.

Thompson, Mr. Calwell, and Mr. Bunch possess extensive expertise

and experience in complex litigation in West Virginia and

elsewhere.  They appear well suited for the task.

        The court first addresses factors (ii) and (iii) and

the counterpart consideration found in Rule 23(g)(4).  Mr.

Thompson has served as lead class counsel in both federal and

state class actions in West Virginia.  For example, he has

served as lead counsel in two complex West Virginia

environmental cases.  He also served as lead counsel in two

matters docketed with the West Virginia Mass Litigation Panel.

Public Justice named Mr. Thompson and a fellow lawyer among a

group of five nationwide finalists in its Trial Lawyer of the

Year competition in both 2012 and 2013.  In the past five years,

Mr. Thompson has tried five matters in which he represented

plaintiffs joined in a large group.  Since 2002, he has focused

his practice almost exclusively upon environmental law while

prosecuting nine multi-week cases to verdict.

        Mr. Calwell possesses an extensive national reputation

for successfully litigating cases involving harmful exposure and

injuries from toxic chemicals.  He has over 30 years of experience litigating complex mass actions.  He distinguished himself many years ago in an 8-month jury trial before the undersigned on behalf of workers allegedly injured by exposure to 2,3,7,8-tetrachlorodibenzo-p-dioxin ("TCDD") and other toxic chemicals produced at the former Monsanto chemical plant in Nitro, West Virginia; and, in the past few years, in a state court action involving somewhat related claims on behalf of thousands that has resulted in an exceptional settlement.  He has represented thousands of West Virginia residents damaged by mass flooding allegedly resulting from extensive mining and timbering operations, along with serving on the Prempro Counsel Governing Committee in the Prempro Products Liability MDL in the Eastern District of Arkansas.  He has been appointed class counsel in multiple collective cases in West Virginia.

Mr. Bunch has served as class counsel in class actions filed over the past 25 years in both state and federal courts. He has held a supervisory role in various MDL actions such as In re Polaris Aircraft Income Fund Sec's. Litig., Williams v. Yamaha Motor Co., In re Blue Cross Blue Shield Anti-Trust Litig. He has participated in mass litigation phases within and outside of West Virginia, including the distribution of billions of dollars to millions of affected American consumers.

Respecting factor (i), the movants and their respective co~counsel have spent significant monies on expert assistance and sampling efforts relating to the incident.  In the early days following the leak, they retained an expert to assist in characterizing the contamination and its possible human health effects.  They assert as follows:

> These consulting experts include leaders in their fields in West Virginia and the nation, involving expertise employed at West Virginia University Medical Center, the Marshall University school of environmental sciences and the Wheeling Jesuit University department of biological sciences. Experts with a national presence in the fields of toxicology and water resource management have also been retained and are currently working on the case.
>
> To date the preliminary results of the work of these experts were shared not only with other lawyers and their experts but also with the public to help shape the public response to the MCHM spill. . . .
>
> In the early days of the crisis, experts working with Plaintiffs' counsel sampled the water in many homes and in many areas to identify potential sample sites to ensure a representative area was sampled to measure the effects of the entire spill. They also provided guidance and support in identifying homes for the teams from the University of South Alabama led by Dr. Andrew Whelton to sample during their initial work in the area. Dr. Whelton has since been retained by the State of West Virginia to conduct scientific studies related to a number of issues including adsorption to pipes, odor threshold and tap water concentrations.

(Memo. in Supp. at 9-10).  The movants also list additional steps taken in this regard.

18

Respecting factor (iv), the movants note that the prosecution of these cases may "take years and substantial outlays in expense and counsel time." (Id. at 12). They assert that they are committed to the task and have a proven "history of persistenc[e] and success in complex litigation." (Id.).

Having considered the applicable factors, and inasmuch as the motion appears unopposed in all but the Strickland and Thompson matters, and that those two cases are not being consolidated with the Crystal Good, Lori Good, Johnson, and Fields actions, the court ORDERS that the motion to appoint interim lead counsel be, and hereby is, granted. It is further ORDERED that Kevin Thompson, Stuart Calwell, and Van Bunch be, and hereby are, appointed as interim class counsel pending the further order of the court, with authorization to exercise the authority sought"supra.

### III.

Based upon the foregoing discussion, it is ORDERED as follows:

1. That the Strickland matter be, and hereby is, added to the consolidation ordered April 18, 2014, in the related-to actions for purposes of adjudicating the consolidated motion for remand;

2.   That counsel be, and hereby are, directed to make all
     further filings in the Strickland matter in the lead
     action of Desimone Hospitality Services, with the
     Strickland case being otherwise stayed pending the
     further order of the court;

3.   That the Crystal Good, Lori Good, Johnson, and Fields
     cases be, and hereby are, consolidated for all case
     events up to and including the conclusion of discovery,
     at which time the court will consider further efforts
     to coordinate and streamline the litigation;

4.   That the Crystal Good matter be, and hereby is,
     designated as the lead case, with all further filings
     to be captioned and docketed in that case pending the
     further order of the court;

5.   That counsel be, and hereby are, directed to consult
     and file therein no later than June 20, 2014, a
     consolidated class action complaint, to which the
     defendants will respond on or before July 20, 2014;

6.   That the joint motion to consolidate be, and it hereby
     is, granted to the extent stated above and otherwise
     denied;

7.  That the motion to appoint interim lead counsel be, and
    hereby is, granted; and

8.  That Kevin Thompson, Stuart Calwell, and Van Bunch be,
    and hereby are, appointed as interim class counsel
    pending the further order of the court, with
    authorization to exercise the authority sought <u>supra</u>.


    The Clerk is directed to forward copies of this
written opinion and order to all counsel of record and to the
following individuals designated as liaison counsel in the
consolidated action styled <u>Desimone Hospitality Services, LLC v.
West Virginia American Water Co.</u>, 2:14-14845 (S.D. W. Va.).

Anthony J. Majestro      Scott E. Schuster
Guy Bucci                William F. Dobbs, Jr.
Benjamin L. Bailey


DATED: June 3, 2014

John T. Copenhaver, Jr.
United States District Judge

21